```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    SOUTHERN DIVISION
```

HERBERT DANIEL FISHER, JR.                                PETITIONER

VS.                               CIVIL ACTION NO. 1:05cv335-DCB
                                    CRIMINAL NO. 1:00cr79-DCB

UNITED STATES OF AMERICA                                  RESPONDENT

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [**docket entry no. 1** in civil action 1:05cv335-DCB, and **docket entry 90** in criminal action 1:00cr79-DCB]. Having reviewed the motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

### FACTUAL AND PROCEDURAL HISTORY

On November 7, 2000, the petitioner, Herbert Daniel Fisher, pled guilty to unlawfully distributing a controlled substance in violation of the 21 U.S.C. § 841(a)(1) and illegally using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). In January of 2001, the defendant was sentenced by this Court to serve 180 months in prison, to undergo five (5) years of supervised release, and to pay $100.00 for each count as a special assessment. Fisher did not appeal his sentence. More than two (2) years later, upon motion by the government, this Court entered an order reducing the defendant's incarceration to ninety-

three (93) months.  See Order dated June 23, 2003 [docket entry no. 85].  Fisher moved for reconsideration of that order, but his request was denied on June 30, 2004.  See Order dated June 30, 2004 [docket entry no. 89].

On July 8, 2005, the petitioner brought the present Motion requesting the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Fisher claims that he received ineffective assistance of counsel during his sentencing because his attorney failed to object to the Court's allegedly erroneous calculation of his sentence under the United States Sentencing Guidelines.

## DISCUSSION

To obtain post-conviction relief under 28 U.S.C. § 2255, a petitioner attacking his conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.[1]  See 28 U.S.C. § 2255.

---

[1]  A prisoner in custody under sentence of court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

Fisher contends that his Sixth Amendment right to effective assistance of counsel was denied to him during sentencing. Because this Court determines that the petitioner's motion is untimely, however, the merits of his claim need not be reached.

Under 28 U.S.C. § 2255, the <u>mandatory</u> time governing a petitioner's time for filing for relief under the Act is determined from the later of four events:

> A 1-year period of limitation <u>shall apply</u> to a motion under this section. The limitation period <u>shall run</u> from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added). The petitioner does not contend that subsections (2)-(4) apply to the present case, but he does argue that "the date on which [his] judgment became final" was on July 10, 2004. Fisher arrives at this date by utilizing the

---

> move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

Court's June 30, 2004, denial of his Motion for Reconsideration concerning the Court's disposition of the government's Rule 35(b) motion.[2]  Under the petitioner's calculation, his § 2255 motion would be timely inasmuch as it was filed on July 8, 2005, two days prior to the expiration of his filing period.

Fisher's judgment, however, became "final" after the time for appeal expired in regard to his original conviction and sentence. See United States v. Cruz-Garcia, No. CRIM.A 03.302, 2005 WL 2060976, at *2-3 (E.D. La. Aug. 23, 2005) (noting that while the Fifth Circuit has not directly ruled as to when a conviction becomes "final" if unappealed, the district courts are generally in agreement that the judgment is final once the period for filing an appeal has run); Maderos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).  Because the present motion to vacate, set aside or correct his sentence was made over four years after his conviction and sentencing, Fisher's motion is untimely and must be denied.

The fact that the government filed a Rule 35(b) motion to reduce the petitioner's sentence does not renew the filing period to move for post-conviction relief under § 2255. See United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001) ("Rule 35(b)

---

[2] Ten (10) days were added to the June 30th date by the petitioner to account for the filing period that a defendant normally has to file a notice of appeal. See Fed. R. App. Proc. 4(b)(1).

4

resentencing does not affect the date on which the judgment of [a defendant's] conviction became final."); Reichert v. United States, 101 Fed. Appx. 13, 14 (6th Cir.2004) (when federal prisoner is resentenced under Rule 35, the statute of limitations for filing a § 2255 motion does not start from date of the resentencing); Abbott v. United States, 1998 WL 229652, at *3 (E.D. Pa. Apr. 29, 1998) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be . . . corrected pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure and section 3742 . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.").  Thus, inasmuch as the petitioner cannot rely upon the date when this Court denied his motion for reconsideration, Fisher's current motion must be denied as untimely.

## CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate, Set Aside, or Correct his Sentence is not well-taken and should be **DENIED**.  Accordingly,

IT IS HEREBY ORDERED that Petitioner Herbert Daniel Fisher's Motion to Vacate under 28 U.S.C. § 2255 [**docket entry 1**] in civil action 1:05cv335-DCB is **DISMISSED WITH PREJUDICE**.

SO ORDERED, this the 8th day of December, 2005.


                                        S/DAVID BRAMLETTE
                                        UNITED STATES DISTRICT JUDGE