```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       SOUTHERN DIVISION
```

HERBERT DANIEL FISHER, JR.                                PETITIONER

VS.                              CIVIL ACTION NO. 1:05cv335-DCB
                                 CRIMINAL NO. 1:00cr79-DCB

UNITED STATES OF AMERICA                                  RESPONDENT


### ORDER

This Court, being fully advised in the premises and having examined the petitioner's motion, is of the opinion that the petitioner's Motion for Reconsideration of Denial and Dismissal of Petitioner's Motion to Vacate [**docket entry no. 93**] should be denied.

On November 7, 2000, the petitioner, Herbert Daniel Fisher, pled guilty to unlawfully distributing a controlled substance in violation of the 21 U.S.C. § 841(a)(1) and illegally using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  In January of 2001, the defendant was sentenced by this Court to serve 180 months in prison, to undergo five (5) years of supervised release, and to pay $100.00 for each count as a special assessment.  More than two (2) years later, upon a Rule 35 motion by the government, this Court entered an order reducing the defendant's incarceration to ninety-three (93) months.  See Order dated June 23, 2003 [docket entry no. 85].  Fisher moved for reconsideration of that order, arguing that the Court had

incorrectly calculated his offense level for sentencing.  That motion was denied on June 30, 2004.  See Order dated June 30, 2004 [docket entry no. 89].

On July 8, 2005, the petitioner filed a motion requesting the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Fisher argued that he was denied his Sixth Amendment right due to his counsel's ineffectiveness in arguing that the base offense level used for calculating his sentence should have been lower.  That motion was denied by the Court on December 8, 2005 [docket entry no. 92] on the basis that it was untimely filed more than one year after Fisher's original judgment and sentence became final.  The petitioner subsequently filed the current Motion for Reconsideration in which he argues that the Court committed clear error in denying his motion to vacate. Fisher claims that because his § 2255 motion raised constitutional points of error in regard to his <u>resentencing</u> after the government's Rule 35(b) motion and did not challenge his <u>original conviction and sentencing</u>, the Court erred in not utilizing the resentencing date for calculating his filing deadline.

This argument is without merit.  Although Fisher complains that his counsel was ineffective in failing to object to the Court's calculation of his base offense level during resentencing, that same base offense level was used during Fisher's original sentencing.  See Statement of Reasons for Sentencing, ¶2. Thus, if

the petitioner wished to challenge his attorney's alleged failure to object to this offense level via a § 2255 motion, he could have done so within one year after his original sentence was imposed. The petitioner's ability to assert this challenge should not be revived simply because the Court utilizes the same base offense level to re-calculate his sentence after a successful Rule 35 motion by the government.[1]

For the foregoing reasons, the petitioner's Motion for Reconsideration of Denial and Dismissal of Petitioner's Motion to Vacate is not well-taken; accordingly

IT IS HEREBY ORDERED that Petitioner Herbert Daniel Fisher's Motion for Reconsideration of Denial and Dismissal of Petitioner's Motion to Vacate [**docket entry 93**] is **DENIED;**

---

[1] Assuming that the petitioner's § 2255 motion did claim constitutional error only in regard to the Court's disposition of the government's Rule 35 motion for reduction of his sentence, Fisher's Motion for Reconsideration should still be denied, although on a different basis. The Fifth Circuit Court of Appeals has held that "it is clear that Rule 35(b) proceedings, which allow the Government to seek reduction of a legal sentence due to changed circumstances, occur after judgment has been entered and a sentence imposed. Consequently, a Rule 35(b) motion is not a trial-related proceeding and no Sixth Amendment right to counsel attaches at this stage." United States v. Palomo, 80 F.3d 138, 142 (5th Cir. 1996). Thus, any Sixth Amendment challenge that the petitioner has raised in regard to his counsel's alleged failure to perform competently during the Court's consideration of the government's Rule 35 motions should also be denied.

SO ORDERED, this the 1st day of March, 2006.

                                                <u>S/DAVID BRAMLETTE</u>
                                                UNITED STATES DISTRICT JUDGE